IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Renee Jordan,** | : | Case No.: 3:13-cv-281 |
| Plaintiff, | : | Judge Rice |
| vs. | : | Magistrate Judge Merz |
| **Dayton Metropolitan Housing Authority, et al.,** | : | |
| Defendants. | : | |

### PROTECTIVE ORDER FOR INFORMATION FROM PLAINTIFF

The matter before the Court is the protection of confidential information that will be produced through discovery requests and responses that Defendants have served upon Plaintiff in this action. Plaintiffs' responses to discovery ("Discovery Responses"), including responses to interrogatories, requests for production of documents, deposition testimony, and expert disclosures may contain medical information and other non-public confidential and sensitive information ("Confidential Information") .

The parties wish to enter into a Protective Order to further protect and prevent unauthorized disclosure of any Confidential Information.

For good cause shown and upon agreement of the parties, the Court hereby Orders:

1. Confidential Information shall be disclosed only to the following:

    a. Counsel of record, "of counsel," and their employees, coworkers (including, but not limited to, secretaries, paralegals, and administrative and support staff), representatives, contractors, service vendors, and agents

who need the information to perform work related to the above-captioned action;

    b. Subject to paragraph 2, outside experts and consultants providing assistance in the above-captioned action, as well as their administrative and support staff;

    c. The Court, all subsequent appellate courts, and their personnel (including, but not limited to, court reporters, stenographers, and other court personnel);

    d. Subject to paragraph 2, witnesses or deponents and their counsel to the extent necessary to prepare for depositions or testimony in this litigation,;

    e. Any other person to whom disclosure is required by federal and state law. Before disclosing information under this subparagraph, the disclosing party must notify counsel of record; and

    f. The parties to the above captioned case.

2. Confidential Information may be provided to experts, consultants, or witnesses only to the extent necessary for such expert, consultant or witness to prepare a written opinion, to prepare to testify, or to assist counsel in this matter.  Before making disclosure of Confidential Information to outside experts, consultants, or witnesses, the disclosing party must obtain an agreement from such person that (1) the information shall never be disclosed to any other party except for purposes permitted herein; (2) adequate security shall be in place to prevent any unauthorized disclosure or use of the information; (3) the person agrees to be bound by the terms and conditions of this Protective Order; and (4) the person

consents to the jurisdiction of the Court for purposes of enforcement of this Protective Order. The parties may share their own confidential materials without limitation.

3. Plaintiff shall mark as "Confidential" any Discovery Response containing Confidential Information. Plaintiff may also designate as Confidential Information any material they have already produced by notifying in writing the person(s) to whom such material was produced that such material constitutes Confidential Information. Information contained or revealed in a deposition may be designated as Confidential Information at the time of the deposition or within 30 days from receipt of the deposition transcript.

4. All Confidential Information shall be maintained as confidential. The parties, their witnesses, experts, or consultants shall not use Confidential Information for any purpose other than the prosecution or defense of this case or any appeal. This provision does not preclude the Defendants from using this information gathered to determine Plaintiff's eligibility under the Section 8 Housing Choice Voucher or the amount of her rental contributions.

5. Any documents that will be filed with the court, that include Confidential Information, shall be filed under seal with this Court and this Order constitutes the order authorizing such filings for purpose of S.D. Ohio L. R. 79.3(c). The parties are hereby given leave to make any such filings manually. Such documents will be identified as "Confidential" and may be shared as directed by paragraph 1 of this Order or by any further order of the Court.

6. Any party who wishes to challenge the designation of material as Confidential Information shall first confer in good faith with the other party. If the parties cannot resolve the dispute, the objecting party may file an appropriate motion with the Court. A party who does not challenge a designation of material as Confidential Information at the time it is designated is not precluded from making a later challenge. However, disclosure of such information prior to the challenge will not violate this Protective Order unless it is reasonably clear that such information should have been included as Confidential Information.

7. If one party has reason to believe that a person with whom Confidential Information has been shared has disclosed such Confidential Information in contravention of this Protective Order, the party shall provide a signed statement setting forth the basis for such belief. The parties will then make a good faith effort to resolve the dispute. If the parties cannot resolve the dispute, it shall be resolved by the Court pursuant to the Federal Rules of Civil Procedure.

8. Throughout, and after the conclusion of, this litigation (including any appeals), the restrictions set forth herein shall continue to be binding upon the parties and all other individuals subject to the terms of this Protective Order.

9. Defendants' counsel agrees to return or destroy all records and copies of Confidential Information provided to them at the end of the litigation including any appeals. The end of this litigation shall occur when all parties' claims and defenses (including without limitations, all rights of appeal, reconsideration, or other post-judgment relief) have been permanently resolved.

10. Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of the Confidential Information or any other modification of this Protective Order.

11. Confidential Information shall not lose its status as Confidential Information through use in any court proceeding in this matter.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT

AGREED TO BY:

Respectfully submitted,

/s/ Debra A. Lavey
Debra A. Lavey #0073259
Matthew N. Currie #0078656
ADVOCATES FOR BASIC LEGAL EQUALITY
130 West Second Street, Suite 700 East
Dayton, Ohio 45402
(937) 228-8104 telephone
(937) 534-4600 facsimile
dlavey@ablelaw.org
mcurrie@ablelaw.org

Kerstin Sjoberg-Witt #0076405
Kevin Truitt #0078092
DISABILITY RIGHTS OHIO
50 West Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-7264 telephone
(614) 644-1888 facsimile
Ksjoberg-witt@disabilityrightsohio.org
Ktruitt@disabilityrightsohio.org

Attorneys for Plaintiff Jordan

/s/ Ray C. Freudiger
Ray C. Freudiger #0088864
FREUND, FREEZE & ARNOLD
1 South Main Street, Suite 1800
Dayton, Ohio 45402-2017
(937) 222-2424 telephone
(937) 222-5369 facsimile
rfreudiger@ffalaw.com
Attorney for Defendants