IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RENEE JORDAN,                         Case No. 3:13-cv-281

          Plaintiff,                District Judge Walter H. Rice
vs.                                Magistrate Judge Michael R. Merz

DAYTON METROPOLITAN        Magistrate Judge Michael J. Newman
HOUSING AUTHORITY, *et al.*,    (Mediator)

         Defendants.

## CONSENT DECREE

I.     BACKGROUND

     A.     This is a civil rights discrimination case brought by Plaintiff Renee Jordan against Defendants Dayton Metropolitan Housing Authority and Greater Dayton Premier Management seeking declaratory and injunctive relief and damages to redress Defendants' alleged unlawful housing discrimination against Plaintiff Jordan in violation of the Fair Housing Amendments Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act.

     B.     Defendants are public housing authorities who operate or who have in the past operated the Section 8 Housing Choice Voucher program in Montgomery County, Ohio.

     C.     Plaintiff Jordan, who is legally blind and as result cannot read written communication, alleges that Defendants failed to communicate effectively with her

when they denied her reasonable accommodation request that all written communication be provided to her in audio format. Additionally, Plaintiff Jordan alleges the Defendants denied her equal access to the Section 8 Housing Choice Voucher program.

      D.    Plaintiff Jordan filed a Motion for Preliminary Injunction requesting that Defendant Greater Dayton Premier Management be ordered to provide her with all written communication in audio format. On March 28, 2014, this Court granted Plaintiff Jordan's motion for preliminary injunction and ordered that Defendant Greater Dayton Premier Management provide copies of all written communication to Plaintiff Jordan in audio format. (Doc. 34).

II.    GENERAL PROVISIONS

      A.    In accordance with the Fair Housing Amendments Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act, this Consent Decree is made and entered into by and between Plaintiff Jordan and the Defendants Dayton Metropolitan Housing Authority and Greater Dayton Premier Management under these or any other names, for themselves, their heirs, representatives, parents, subsidiaries, affiliates and related companies, and their officers, agents, employees, successors and assigns.

      B.    Each party warrants that none of the claims or causes of action against any other party has been assigned, that each party has reviewed this Consent Decree with counsel and that each person signing this Consent Decree has been duly authorized to do so.

2

C.     Execution of this Consent Decree will resolve all claims against Defendants in the Complaint filed by Plaintiff Jordan. The parties agree to the entry of this Consent Decree with the full intention of settling and resolving any and all claims, demands, damages, lawsuits, and causes of action of every nature, known and unknown, foreseen and unforeseen, legal and equitable that now exist or may hereafter arise out of any event, occurrence, transaction or act, that occurred before the effective date hereof that is related in any way to the causes of action brought in Plaintiff Jordan's Complaint, filed on August 22, 2013.

D.     It is also expressly understood and agreed by all parties that this Consent Decree is in full settlement and satisfaction of the disputed claims, that any injuries or damages or legal liability is disputed and denied by Defendants and that payment of the settlement sum and other considerations given in this Consent Decree are not to be construed as an acknowledgement of the validity of any claim, liability or cause of action asserted, or as an admission of any liability or wrongdoing, it being expressly understood that all such claims are in all respects denied.

E.     This Consent Decree constitutes and contains the entire agreement and understanding between the parties as to the matters addressed herein and supersedes all prior and contemporaneous oral and written agreements, representations and discussions. This Consent Decree does not affect the Voluntary Compliance Agreement between the U.S. Department of Housing and Urban Development and the Defendants.

F.     The parties declare that each has carefully read this Consent Decree, that each has reviewed its terms with each party's respective counsel, or has had the full

3

and fair opportunity to do so, and that each agrees to it for the purpose of making a full and final adjustment and resolution to the matters contained herein. Each party affirms that the terms of this Consent Decree are totally satisfactory to and thoroughly understood by it and that it is executing and delivering this Consent Decree of its own free will in exchange for the consideration as provided herein, which each party acknowledges and agrees is adequate and satisfactory.

G.    No modification shall be binding on any of the parties hereto unless it has been agreed to by all the parties in writing, signed by them and identified as an amendment to this Consent Decree or by further Order of the Court.

H.    This Consent Decree is effective upon filing by the Court.

I.    This Court has jurisdiction over this matter pursuant to 28 USC 1331, 28 USC 1343(a)(4), 42 USC 3613 and 42 USC 12188(a).

III.    NON-COMPLIANCE WITH CONSENT DECREE

A.    This Consent Decree shall be in effect for a period of three (3) years from the filing of this Decree.

B.    This Court shall retain jurisdiction for the duration of this Consent Decree to enforce its terms, after which time the case shall be dismissed with prejudice.    C.

The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. In the event that any party contends that there has been a failure by the adverse party, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or otherwise to act in

4

conformance with any provision thereof, and in the event informal methods of resolution do not succeed, then the aggrieved party shall present the dispute to United States Magistrate Judge Michael J. Newman for alternative dispute resolution. If the parties are unable to resolve their disagreement through alternative dispute resolution, Magistrate Judge Newman will refer the matter to District Judge Walter H. Rice for resolution.

IV.    COSTS OF LITIGATION

Except as provided herein in Section VB, each party to this litigation will bear its own costs associated with this litigation.

V.    REMEDIAL ACTIONS

A.    Damages and Other Relief

1.    DAMAGES

Defendants shall pay damages to Plaintiff Jordan in the amount of Twenty-Six Thousand Dollars ($26,000.00) to be paid within thirty (30) days after the filing of the Consent Decree. This payment shall be made by check payable to Advocates for Basic Legal Equality for the benefit of Renee Jordan. This award shall not count as income for purposes of the Section 8 Housing Choice Voucher Program, should in no way affect Plaintiff Jordan's continued eligibility for this program, and should not be counted as income for any program administered by the Defendants.

2.    VOUCHER EXTENSIONS

Defendants shall grant Plaintiff Jordan all reasonable, timely written requests for extensions of her Section 8 Housing Choice Voucher so long as she is a participant

5

in the Section 8 Housing Choice Voucher Program administered by Defendants. A request for an extension shall be considered reasonable so long as Plaintiff Jordan is searching for suitable housing and such request shall be considered timely so long as the request is made prior to the expiration of her voucher.

3.     SINGLE POINT OF CONTACT

Defendants shall designate a single point of contact for Plaintiff Jordan and shall provide a substitute for said single point of contact at times the individual designated is out of the office for any time exceeding 5 continuous business days. At this time, the single point of contact is Kindra Wood and her contact information is (937) 910-5481.

If Kindra Wood ceases to be the single point of contact for Plaintiff Jordan then the Defendants must provide Plaintiff Jordan, within three (3) business days, with the name and contact information for the replacement single point of contact at Plaintiff Jordan's email address.

The Defendants can notify Plaintiff Jordan of the single point of contact's temporary absence either by contacting her by phone or through her designated email address. The single point of contact agrees to return phone calls from Plaintiff Jordan within 24 hours, during normal business hours. Plaintiff Jordan shall have access to this single point of contact during normal business hours, 8:00 a.m. until 5:00 p.m. Monday – Friday.

4.     HOUSING SEARCH

When Plaintiff Jordan is searching for housing, the single point of contact shall

6

provide her a list of units, every two weeks, from the "Go Section 8 website" that are suitable for her. Suitability is based on Plaintiff Jordan's needs as identified by Plaintiff Jordan to her single point of contact and voucher requirements (e.g. bedroom size, payment standard and accessibility). This list shall be emailed to Plaintiff Jordan at her designated email address.

5. EFFECTIVE COMMUNICATION

Defendants shall provide Plaintiff Jordan with a laptop computer equipped with screen reader software along with a carrying case within seven (7) days after the filing of the Consent Decree. The parties anticipate that this laptop computer will provide Plaintiff Jordan with the reasonable accommodation of accessing all written communications via email at an email address Plaintiff is required to provide to the Defendants and maintain. Plaintiff Jordan shall provide Defendants with her email address within seven (7) days of the receipt of the laptop from Defendants. Plaintiff Jordan is responsible for taking proper care of the computer.

Defendants shall provide all written communications with Plaintiff Jordan via email, which Plaintiff Jordan will then be able to access with the screen reader software. Defendants shall also provide a copy of all written communications sent to Plaintiff Jordan to her counsel at the following email address: dlavey@ablelaw.org.

If during the period of the Consent Decree either party reasonably determines that the use of the laptop is not effective, the parties agree to negotiations pursuant to Section IIIC herein regarding an appropriate alternative audio format. Defendants understand that they are under a continuing obligation to effectively communicate

with Plaintiff Jordan and that, in the past, audio recordings have been the only format that is accessible to her. If the parties enter into negotiations regarding an appropriate alternative audio format, the Defendants agree to provide Plaintiff Jordan with audio recordings of all written communications along with a hard copy of those communications during that period of time and provide her counsel with a copy of all written communications. In the event that use of the laptop is not effective during the period of the Consent Decree, Plaintiff Jordan shall return the laptop to Defendants.

6.     TRAINING

At least once annually during the duration of this Consent Decree, Defendants shall receive training on reasonable accommodations as provided under the federal Fair Housing Amendments Act, the Ohio Fair Housing Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. This training shall be provided by the Miami Valley Fair Housing Center and all expenses associated with this training shall be borne by the Defendants.

Defendants shall obtain from the trainer certifications of attendance, executed by each individual who received the training, confirming their attendance. This confirmation shall include the name of the course, the date the course was taken, and the length of the course and/or time within which the course was completed. Counsel for Defendants shall provide Counsel for Plaintiff a list of all employees, along with their title, required to receive training as described in this Section within thirty (30) days after the training.

8

7. AMENDMENTS TO REASONABLE ACCOMMODATION AND EFFECTIVE COMMUNICATION POLICIES

Defendants recognize their obligation to make reasonable accommodations to rules, policies, practices or services when such accommodations may be necessary to afford a person with a disability the equal opportunity to participate in the Section 8 Housing Choice Voucher Program. They also recognize their duty under the law to communicate effectively with individuals who have vision impairments or other communication deficits in a way that is appropriate for that individual and that affords the individual with equal access to the Section 8 Housing Choice Voucher program.

Defendants shall adopt the amendments to their reasonable accommodation and effective communication policies attached hereto as Attachment A. Additionally, these amendments shall become a part of the Section 8 Administrative Plan for Greater Dayton Premier Management and Defendants shall distribute the reasonable accommodation policy to all of its current participants and employees within thirty (30) days of the filing of this Consent Decree.

B. Attorney fees

Within thirty (30) days after filing this Consent Decree, Defendants shall pay One Hundred Six Thousand Five Hundred Dollars ($106,500) to reimburse Plaintiff's attorneys for the fees they incurred in litigating this case on behalf of Plaintiff Jordan. The check shall be made out to Advocates for Basic Legal Equality, Inc. and delivered to Debra A. Lavey at 130 West Second Street, Su. 700 East, Dayton, Ohio 45402 to be distributed among counsel of record.

9

V.    CONFIDENTIALITY

Unless Plaintiff Jordan is required to disclose her award of damages for purposes of eligibility for any program or otherwise required by law, Plaintiff Jordan agrees to hold confidential the monetary portion of the settlement and to not disclose there is a financial portion of this settlement to any person or entity not bound by this agreement. Plaintiff agrees not to identify Defendants in any written promotional materials. Promotional materials are limited to written materials on websites, newsletters, press releases and advertisements.

IT IS SO ORDERED.


_____          11-24-14
UNITED STATES DISTRICT COURT JUDGE          DATE


By their signatures below, the parties consent to the entry of this Consent Decree:

/s/ Debra A. Lavey
Debra A. Lavey, #0073259
dlavey@ablelaw.org
Trial Attorney for the Plaintiff
ADVOCATES FOR BASIC LEGAL EQUALITY, INC.
130 W. Second St., Suite 700 E.
Dayton, Ohio 45402
Phone: (937) 228-8104
Fax: (937) 535-4600


/s/ Matthew N. Currie
Matthew N. Currie, #0078656
mcurrie@ablelaw.org
ADVOCATES FOR BASIC LEGAL EQUALITY, INC.
130 W. Second St., Suite 700 E.
Dayton, Ohio 45402
Phone: (937) 228-8104
Fax: (937) 535-4600

/s/ Kevin Truitt
Kerstin Sjoberg-Witt, #0076405
Kevin Truitt, #0078092
ksjoberg-witt@disabilityrightsohio.org
ktruitt@disabilityrightsohio.org
DISABILITY RIGHTS OHIO
50 W. Broad St., Suite 1400
Columbus, Ohio 43215
Phone: (614) 466-7264
Fax: (937) 644-1888


Attorneys for Plaintiff Jordan



/s/ Renee Jordan
Renee Jordan
Plaintiff

/s/ Ray C. Freudiger
Ray C. Freudiger #0055564
rcfreudiger@mdwcg.com
Trial Attorney for Defendant
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
312 Elm Street, Suite 1850
Cincinnati, Ohio 45202
Phone: (513) 372-6800
Fax: (513) 372-6801

ATTACHMENT A

MODIFICATION TO REASONABLE ACCOMMODATION AND EFFECTIVE
COMMUNICIATION POLICIES

Individuals who believe that his/her request for a reasonable accommodation or an auxiliary aid or service was denied may file a grievance with GDPM. Grievances may be made orally or in writing. Staff shall explain to those whose requested accommodation or request for auxiliary aid or service was denied about the right to file a grievance, including by amending all reasonable accommodation and effective communication policies to include this grievance policy, and adding this grievance language on all reasonable accommodation forms and in all communications to the individual regarding the reasonable accommodation request. Helping a disabled individual complete a grievance request may be a reasonable accommodation that GDPM staff must undertake.

If a grievance is submitted to GDPM staff, it must be forwarded to GDPM's Chief Executive Officer or her designee. The designee cannot be the same individual who denied the initial request for reasonable accommodation or auxiliary aid or service. The CEO or her designee must review the grievance and provide his/her decision in writing to the grievant no later than five (5) business days after the submission of the grievance.

13